**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Dwayne E. Markson,<br>Plaintiff,<br>v.<br>Eighth Judicial District Court,<br>Defendants. | Case No. 2:26-cv-02393-MMD-BNW<br><br>**ORDER and**<br>**REPORT and RECOMMENDATION** |

Pro se plaintiff Dwayne E. Markson moves to proceed *in forma pauperis*. ECF No. 5. He submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. His request to proceed *in forma pauperis,* therefore, will be granted. This Court now screens his complaint (ECF No. 11) as required by 28 U.S.C. § 1915(e)(2).

## I. DISCUSSION

### 1. Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**2. Plaintiff's Allegations**

Plaintiff alleges that Eighth Judicial District Court clerk Terrinda Mang refused to process default judgments in several Eight Judicial District Court cases in which he was a party. He further alleges that Mang said Donald Trump instructed her not to cooperate and paid her and other female clerk's-office staff bribe money to withhold the judgments; and that she admitted performing sex acts on Kadar Pierre of Inter-Con Security in exchange for interfering with the defaults. He further alleges that a courthouse screening officer named "Rosenthal" is in fact a Marion County, Oregon jail worker known to Plaintiff from Salem, who falsely holds himself out as a Las Vegas police officer. He alleges that Rosenthal told Plaintiff he is the reason the defaults were not processed, and had Plaintiff ejected from the Regional Justice Center on a pretext (sleeping/trespass) after learning Plaintiff intended to sue him.

Plaintiff pleads two claims: bribery of a judicial officer under NRS 199.010 (against Mang, Rosenthal, and Trump) and impersonation of an officer under NRS 199.430 (against Rosenthal and Mang).

**3. Analysis**

Plaintiff's claims (NRS 199.010 and NRS 199.430) are criminal provisions with no private right of action; a private litigant cannot enforce them civilly. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action or basis of civil liability under 18 U.S.C. §§ 241, 242); *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44,

69, 110 P.3d 30, 48 (2005) (finding that NRS 197.200, which makes it a criminal offense for "an officer to unlawfully and maliciously, under pretense or color of official authority, commit oppression by arresting or detaining another against his will," does not create a civil cause of action), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008). As a result, this Court recommends that the complaint be dismissed with prejudice.[1]

**4. Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS RECOMMENDED** that the complaint be dismissed with prejudice.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 18, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

[1] Plaintiff is free to file a separate complaint in a new case naming proper defendants and alleging causes of action as to which he has a private right of action. Of note, claims against the Eighth Judicial District Court is an arm of the state and thus protected from suit in federal court under the Eleventh Amendment. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (finding that "[t]he Supreme Court of Nevada and the Third Judicial District Court of Nevada, as agencies of the state, were [ ] properly dismissed from suit on eleventh amendment grounds.").